612 A.2d 373

IN THE MATTER OF JOSEPH C. STRANSKY,
AN ATTORNEY AT LAW.

July 10, 1992.

### ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that JOSEPH C. STRANSKY, of DUNELLEN, who was admitted to the bar of this State in 1974, and who was thereafter temporarily suspended from the practice of law from August 3, 1990, to June 27, 1991, be suspended for a period of one year for violations of *RPC* 1.15(a) and (d) and *EPC* 5.3;

And the Disciplinary Review Board further recommending that respondent be given credit in his term of suspension for the period of his temporary suspension, and that respondent's restoration to practice be subject to certain conditions;

And good cause appearing;

It is ORDERED that the report and recommendation of the Disciplinary Review Board are adopted and respondent is hereby suspended for a period of one year, effective August 1, 1992, with credit to be given for the period of respondent's prior, temporary suspension; and it is further

ORDERED that should respondent be reinstated to the practice of law, prior to the opening of an office in this State, respondent shall notify the Office of Attorney Ethics, the Disciplinary Review Board and the Court of his intention to do

so and shall provide proof of his compliance with all applicable recordkeeping rules; and it is further

ORDERED that on reinstatement respondent shall submit certified audits of his books and records to the Office of Attorney Ethics, the first audit to be conducted three months after the opening of respondent's New Jersey practice, and annually for the two succeeding years; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this Order and the full record of the matter, be added as a permanent part of the file of said JOSEPH C. STRANSKY as an attorney at law of the State of New Jersey; and it is further

ORDERED that JOSEPH C. STRANSKY be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended, disbarred or resigned attorneys; and it is further

ORDERED that JOSEPH C. STRANSKY reimburse the Ethics Financial Committee for appropriate administrative costs.

## APPENDIX

### DECISION AND RECOMMENDATION OF THE DISCIPLINARY REVIEW BOARD

To the Honorable Chief Justice and the Associate Justices of the Supreme Court of New Jersey.

This matter is before the Board on a Stipulation filed by the Office of Attorney Ethics (OAE). The file consists of the November 7, 1991 Disciplinary Stipulation; a copy of respondent's affidavit of May 31, 1991, filed originally as part of his petition for reinstatement to the practice of law, and the August 18, 1990 affidavit of Patricia A. Stransky, respondent's former wife.

The facts, as stated in the Disciplinary Stipulation, present a new twist in misappropriation cases: respondent advised that, unbeknownst to him, his wife, who was also his secretary/bookkeeper, misappropriated a total of $32,341.60 from respondent's trust account "for her own use." The misappropriations occurred "over a period of years." Respondent's wife was able to keep this information from him because he trusted her completely and also because he failed to exercise proper supervision over his attorney accounts. Respondent also failed to pay attention to his personal accounts.

In August 1989, the OAE was advised that respondent had overdrawn his attorney trust account. A demand audit was thereafter scheduled for a date in January 1990. Respondent failed to appear and failed to attend the July 18, 1990 rescheduled date as well. He was thereafter temporarily suspended on August 3, 1990. Mrs. Stransky explained that she handled all mail and telephone calls to respondent and had been able to divert calls and letters from both the District Ethics Committee and the OAE. It was not until August 10, 1990 that respondent became aware of his suspension and of his wife's actions. On that date, two investigators from the OAE appeared at respondent's office to speak with him. Respondent's wife took that opportunity to advise respondent both of her misappropriations and of his temporary suspension.

In her affidavit, Mrs. Stransky stated that she began to "borrow" trust funds to cover outstanding bills for the law practice. While her affidavit does not clearly state when she began this practice, August 1989 is suggested. It became her practice to transfer trust money into the business account and disburse it to cover, among other things, automobile payments and telephone bills. She contended that she repaid the trust account by directly depositing client fee payments to the trust account. However, she further stated in her affidavit, when the financial situation worsened after August 1989, she continued to "borrow" from the trust account, all the while intending

to pay back the account. She hid all of this activity from respondent. A total of $32,341.60 was misappropriated in this fashion—apparently between August 1989 and August 1990.

Respondent states, in paragraph 4 of his affidavit, that his personal savings of an unspecified amount were also depleted between 1988 and 1990. During that time, his wife caused eighty checks on that account to bounce, resulting in $1,600 in bank charges, again, all without respondent's knowledge.

On June 27, 1991, respondent was reinstated to the practice of law from the temporary suspension. His attorney advised that, following a brief attempt between July 1 and November to regenerate his law practice, he moved to Florida, where he apparently remains.

## CONCLUSION AND RECOMMENDATION

Upon a *de novo* review of the record, the Board is satisfied that clear and convincing evidence of unethical conduct by respondent has been presented.

Although the unethical conduct does not rise to the level of knowing misappropriation, there are a plethora of ethics violations, including improper delegation of signatory power over the trust account and failure to exercise supervision and control over his attorney accounts. *RPC* 1.15(d). Further violations of *RPC* 1.15(d) include respondent's failure to maintain the requisite trust receipts and disbursement journals and failure to reconcile his trust account on a quarterly basis, as required by *R.* 1:21–6. Respondent also violated *RPC* 5.3 by his admitted failure to supervise a non-lawyer employee. The most serious aspect of respondent's unethical conduct is the negligent misappropriation of client funds, in violation of *RPC* 1.15(a), which flowed from his other improprieties.

The Board agrees with the OAE's assessment that this case does not present clear and convincing evidence of knowing misappropriation. While it is puzzling that a seasoned attorney

would abandon all control of the financial side of both his legal practice and his personal life, this appears to be exactly what occurred here. There is nothing in the somewhat scanty record that contradicts the claims of either respondent or his wife. The Board must, therefore, address the issue of discipline in the context of poor recordkeeping and negligent misappropriation cases.

Cases involving a combination of lack of recordkeeping and significant negligent misappropriation have generally resulted in short-term suspensions. Specifically, a three-month suspension was imposed where the attorney was grossly negligent in his perpetuation of an inadequate system that led to negative balances in the attorney's trust account. *In re James*, 112 *N.J.* 580, 548 *A.*2d 1125 (1988). Similarly, a three-month suspension was imposed in *In re Gallo*, 117 *N.J.* 365, 568 *A.*2d 522 (1989), where the attorney, through either ignorance or inattentiveness, maintained inadequate accounting procedures in his office, failed to withdraw earned fees and commingled personal and client funds, all of which contributed to his negligent misappropriation of client funds. Both Gallo and James claimed that their inadequate accounting systems were inherited from other attorneys who were either their mentors or supervisors.

*In re Librizzi*, 117 *N.J.* 481, 569 *A.*2d 257 (1990) also concerns grossly negligent misappropriation of client trust funds. Librizzi, who had no bookkeeping experience, misdeposited client funds into his business account on three occasions and utilized the funds to pay personal and business expenses. He further relied on "thousands of dollars" in allegedly accumulated excess recording fees to cover various payments from the trust account when, in fact, he had never attempted to determine whether any such excess fees were actually on deposit. Librizzi, too, employed his wife as secretary and had no other employees. Librizzi did not, however, delegate the financial aspects of his practice to his wife. The Court considered

several mitigating factors in determining that his derelictions merited a six-month suspension. *See also In re Stern*, 92 *N.J.* 611, 458 *A.*2d 1279 (1983) (where a one-year suspension with conditions upon readmission was imposed for the attorney's failure to maintain the identity of client funds, by placing the money in his mother's safe deposit box, and failure to pay over funds promptly together with numerous recordkeeping violations and knowing failure to carry out several contracts of employment).

The Board finds this case to be significantly more serious than *Librizzi*. It is clear that respondent was guilty of more than negligent recordkeeping that often leads to the negligent invasion of client funds. He was completely irresponsible in the management of his attorney accounts and totally abdicated his fiduciary responsibilities to his clients for at least an entire year. Were his actions reasonable? As an individual, it might be reasonable, albeit perhaps unwise, to delegate all personal financial matters to one's spouse. As an attorney, such conduct cannot be tolerated. The attorney's fiduciary responsibility for client trust funds is a non-delegable duty. In turning over his attorney trust account to his wife without any attempt to supervise the disposition of client trust funds, respondent violated that duty. Moreover, his actions set up the scenario through which his wife was able to steal client trust funds. It is merely fortuitous that he was subsequently able to make his clients whole and avoid even greater consequences. A majority of the Board, therefore, recommends that respondent be suspended for one year, with credit for the period of suspension already served by respondent. The Board is concerned about the fact that respondent is currently located out of state and about the imposition of certain controls over respondent's practice of law in New Jersey, if he chooses to return to this State. The Board, therefore, recommends that, following his reinstatement, but before his return to the practice of law, respondent be required to provide notice to the Board and to the Court of

his intention to reopen an office and to provide proof that he is in compliance with all Supreme Court rules governing the practice of law, particularly trust accounting and recordkeeping rules. Moreover, the nature of this case mandates that respondent be required to submit his attorney books and records for regular certified review by an accountant acceptable to the OAE. The first audit should occur three months following respondent's return to the practice of law and, thereafter, on an annual basis for two years.

One member dissented, voting for a "time-served" suspension. In that member's view, an additional suspension of approximately two months is unnecessary. That member does, however, agree with the remainder of the Board's recommendations. One member did not participate.

The Board further recommends that, due to the significance of this case, either a Supreme Court opinion or the Court's Order, accompanied by this Decision and Recommendation, be published in the *New Jersey Reports*.

The Board further recommends that respondent be required to reimburse the Ethics Financial Committee for administrative costs.

Dated: April 22, 1992.