**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
TIMOTHY TITOLO, BAR NO. 3617.

No. 68686

FILED

DEC 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

### ORDER OF SUSPENSION

This is an automatic review under SCR 105 of a Southern Nevada Disciplinary Board hearing panel's recommended discipline of attorney Timothy Titolo based on violations of RPC 1.15 (safekeeping property), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 8.1(b) (bar admission and disciplinary matters), RPC 8.4 (misconduct). The hearing panel has recommended a three-month suspension and that Titolo be required to obtain an audit of his trust accounts for the last five years within the next two years, complete an additional 30 hours of continuing legal education (CLE) in law office management within the next two years, and pay the cost of the disciplinary proceedings.

The State Bar has the burden of showing by clear and convincing evidence that Titolo committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We "employ a deferential standard of review with respect to [the hearing panel's] findings of fact," SCR 105(3)(b), the same as in other civil cases, *see* SCR 105(3)(a) ("To the extent not inconsistent with these rules, an appeal from a decision of a hearing panel shall be treated as would an appeal from a civil judgment of a district court . . . ."). Accordingly, a hearing panel's findings of fact will not be set aside unless they are clearly erroneous or not supported by substantial evidence. *See generally Sowers*

 

*v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013); *Weddell v. H2O, Inc.*, 128 Nev., Adv. Op. 9, 271 P.3d 743, 748 (2012); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, a hearing panel's conclusions of law and recommended discipline are reviewed de novo. SCR 105(3)(b). Whether particular factual findings establish an RPC violation is a question of law and therefore is subject to de novo review under SCR 105(3)(b). *See LK Operating, LLC v. Collection Group, LLC*, 331 P.3d 1147, 1157 (Wash. 2014) (stating, in legal malpractice action, that "[w]hether a given set of facts establish an RPC violation is a question of law subject to de novo review"); *see also Attorney Grievance Comm'n of Maryland v. Korotki*, 569 A.2d 1224, 1234 (Md. Ct. App. 1990) (indicating that whether legal fee violates disciplinary rule is a question of law).

We defer to the hearing panel's findings of fact in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that Titolo violated RPC 1.15 and RPC 8.4. But, we reject the panel's conclusions that Titolo violated RPC 1.3 and RPC 1.4 as alleged in the third complaint, because there are no relevant findings of fact or clear and convincing evidence in the record to support those violations. We also reject the hearing panel's conclusion that Titolo violated RPC 8.1(b) because the relevant findings of fact and the record do not establish that Titolo "*knowingly* fail[ed] to respond" to the State Bar's demand for information. *See* RPC 1.0(f) (providing that "[k]nowingly . . . denotes actual knowledge of the fact in question").

Turning to the recommended discipline, we must weigh "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or

mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Of particular import, Titolo violated a significant duty owed to his clients under RPC 1.15—to preserve their property. An attorney's abdication of his fiduciary responsibilities to a spouse "cannot be tolerated" because those responsibilities are "non-delegable." *Matter of Stransky*, 612 A.2d 373, 376 (N.J. 1992). It appears that all clients and lienholders were made whole and therefore there was no actual injury, but there was the potential for injury. Even if Titolo's mental state is viewed as negligence,[1] we are convinced that the aggravating circumstances found by the hearing panel (prior disciplinary offenses, patter of misconduct, multiple offenses, and substantial experience in the practice of law) warrant suspension over a lesser form of discipline. *Compare* ABA Standards for Imposing Lawyer Sanctions, Standard 4.12 (suspension appropriate where "lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"), *with id.* Standard 4.13 (reprimand appropriate where "lawyer is negligent in dealing with client property and causes injury or potential injury to a client"). We also are troubled by Titolo's attitude toward his responsibilities under RPC 1.15. We therefore agree with the hearing panel that a suspension is appropriate to protect the public and the legal

---

[1] Titolo's mental state could be characterized as "knowledge" in that he was aware that he had delegated all of his responsibilities under RPC 1.15 to his wife and following the first bar complaint he was aware that there were problems with his trust account and that his wife was not being forthright. *See* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (2015) (defining "knowledge" as "the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result").

profession but considering all of the relevant circumstances, we are not convinced that a three-month suspension is sufficient. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (describing purpose of attorney discipline).

We hereby suspend attorney Timothy Titolo from the practice of law in Nevada for a period of six months commencing from the date of this order. Titolo shall (1) provide the State Bar with an audit of his trust accounts for the last five years and complete 30 hours of CLE in law office management[2] within the next two years and (2) pay the costs of the disciplinary proceedings within 30 days from the date of this order. He also shall comply with SCR 115. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

---

[2]This CLE requirement is in addition to the annual minimum CLE requirements set forth in SCR 210.

SAITTA, J., dissenting:

I agree that the hearing panel's recommendation of a three-month suspension is not sufficient, but I dissent because in my opinion the six-month suspension imposed by the court also is not adequate to protect the public and the integrity of the profession. In my view, a one-year suspension would be appropriate in this case.

_____, J.
　　　　　　　Saitta


cc:　　Chair, Southern Nevada Disciplinary Board
　　　　William B. Terry, Chartered
　　　　Stan Hunterton, Bar Counsel, State Bar of Nevada
　　　　Kimberly K. Farmer, Executive Direct, State Bar of Nevada
　　　　Perry Thompson, Admissions Office, U.S. Supreme Court